[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-11557

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

*versus*

MARK ANTHONY ROGUE BUSTAMANTE,
a.k.a. Manuel Bustamante,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:23-cr-60111-KMM-1

_____

Before JORDAN, LUCK, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Mark Anthony Roque Bustamante appeals his conviction and life sentence after pleading guilty to conspiring to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. After careful review, we affirm Bustamante's conviction and dismiss the rest of his appeal as barred by the sentence-appeal waiver.

**I.**

Bustamante was charged with conspiracy to distribute 400 grams or more of a substance containing detectable amounts of fentanyl and 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. Bustamante entered into a written plea agreement with the government, in which Bustamante waived

> all rights conferred by [28 U.S.C. § 1291] and [28 U.S.C. § 3742] to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.

Bustamante would be released from this waiver if the government appealed. The agreement also stated that, by signing the plea agreement, Bustamante would acknowledge that he had discussed the sentence-appeal waiver with his attorney and that his waiver of the right to appeal was knowing and voluntary. Bustamante signed the agreement.

Bustamante also signed a factual proffer which stated that the government would have been able to prove the following facts beyond a reasonable doubt if the case had proceeded to trial. Bustamante's codefendant, Hector Apodaca-Alvarez, was a large-scale supplier of fentanyl, cocaine, and methamphetamine with ties to the Sinaloa Cartel. Apodaca-Alvarez began communicating with an undercover officer to buy large quantities of fentanyl pills to sell. Through these transactions, law enforcement received a shipment of blue fentanyl pills weighing 97.3 grams in July 2022 and 214.56 grams of blue fentanyl pills and about two pounds of methamphetamine in August and September 2022.

When the undercover officer paid Apodaca-Alvarez for the August and September shipments in person, the officer asked if the fentanyl pills would be the same in a future transaction. Apodaca-Alvarez confirmed they would be, stating, "I only work with one person" to buy fentanyl. During that meeting, Apodaca-Alvarez spoke with Bustamante via FaceTime, and Bustamante agreed to sell more fentanyl pills that would be the same as the previous shipments but rainbow in color.

In October 2022, law enforcement received those fentanyl pills, which weighed 1,085 grams. The undercover officer then bought more fentanyl pills from another codefendant, Enrique Tejada, who spoke with Bustamante to confirm the quantity of the pills, and Tejada explained that the undercover officer had paid him. Those fentanyl pills weighed 5,438.1 grams. Bustamante admitted that he conspired with Apodaca-Alvarez and others to distribute fentanyl and methamphetamine.

At the change-of-plea hearing, the magistrate judge placed Bustamante under oath. The magistrate judge explained that to accept his plea, the magistrate judge would have to make sure that Bustamante's decision to plead guilty was knowing, voluntary, and supported by an independent basis in fact. Bustamante confirmed that he had discussed the charges, evidence, and potential defenses with his attorney, and he was satisfied with his attorney's representation. Bustamante, who only reads and writes in Spanish, had a Spanish-language interpreter at the hearing, and the plea agreement was translated into Spanish before he signed it.

The magistrate judge also explained that the sentence-appeal waiver meant that Bustamante would "only have an appeal under limited circumstances, for example, if the Government files an appeal or if the sentence imposed is the result of an upward departure or upward variance or exceeds the statutory maximum." Bustamante testified that he had discussed the sentence-appeal waiver with his attorney and understood the rights he was giving up.

Next, the magistrate judge explained that the essential elements of Bustamante's charge were "that two or more people in some way agreed to try to accomplish a shared and unlawful plan, the object of which was to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl and 50 grams or more of methamphetamine and that [Bustamante] knew the unlawful purpose of the plan and willfully joined in it." The magistrate judge had a copy of the actual proffer, and Bustamante testified that the factual proffer had been translated into Spanish, and that he read "each and every page" with his attorney. He agreed that all the facts in the factual proffer were accurate and that the proffer contained the essential elements of the offense.

Bustamante pleaded guilty. The magistrate judge found that he made the plea knowingly and voluntarily and that the plea was "supported by an independent basis in fact containing each of the essential elements of the offense." The magistrate judge advised Bustamante of his right to object to the written report and recommendation, and that by not objecting, he would waive his right to challenge it on appeal. The district court adopted the magistrate judge's report and recommendation, to which Bustamante did not object.

A presentence investigation report (PSI) described the offense conduct consistently with the information in the written factual proffer. The PSI converted the 6,868.52 grams of fentanyl and 4,379.1 grams of methamphetamine to 104,753.3 kilograms of

converted drug weight. Ultimately, Bustamante's guideline range was 360 months to life imprisonment.

Bustamante objected to the total amount of drugs attributed to him. The government responded that Bustamante was responsible for the June, July, and August 2022 shipments of blue fentanyl pills because Apodaca-Alvarez stated that he only worked with one person to obtain pressed fentanyl pills, Bustamante told the undercover officer that the rainbow fentanyl pills would be the same as the blue pills, and Tejada, who appeared to be working at Bustamante's direction, told the undercover officer that he had sent the officer a previous shipment of drugs. The district court overruled Bustamante's objections, and after considering the parties' statements, the PSI, and the 18 U.S.C. § 3553(a) sentencing factors, the district court sentenced Bustamante to life in prison. Bustamante timely appealed.

## II.

First, Bustamante argues that the district court plainly erred in accepting his guilty plea under Federal Rule of Criminal Procedure 11(b)(3) because there was an insufficient factual basis to find that he was part of the conspiracy and for attributing 400 grams or more of fentanyl to him specifically. Second, he argues that his sentence was substantively unreasonable. We address each argument in turn.

### A.

Bustamante argues that the district court erred in accepting his guilty plea because the government's factual proffer "did not

24-11557               Opinion of the Court                        7

include an amount that totaled the amount [of drugs] as charged" and the government did not establish that the conspiracy involved 400 grams or more of fentanyl.[1]

When a defendant fails to assert a Rule 11 violation in the district court, we review the alleged violation for plain error.[2] *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1285 (11th Cir. 2015). To demonstrate plain error, a defendant must show: (1) there was error; (2) that was plain; (3) that affected his substantial rights; and (4) that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 1286.

Before accepting a guilty plea, the district court "must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). A plea has a sufficient factual basis if "the trial court [is] presented with evidence from which it could reasonably find that the defendant [is] guilty." *United States v. Frye*, 402 F.3d 1123, 1128 (11th Cir. 2005) (per curiam) (quotation marks omitted). The district court may rely on written admissions—such as those

---

[1] Although Bustamante's plea agreement contained an appeal waiver, "an appeal waiver does not bar a Rule 11 claim that there is an insufficient factual basis to support a guilty plea." *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1284 (11th Cir. 2015).

[2] While typically failing to object to a magistrate judge's report and recommendation "waives a party's right to review" on appeal, Fed. R. Crim. P. 59(b)(2), we "may review on appeal for plain error if necessary in the interests of justice," 11th Cir. R. 3-1. Ensuring that there is a sufficient basis for Bustamante's conviction promotes the interest of justice, so we review for plain error.

| 8 | Opinion of the Court | 24-11557 |

contained in a "factual resume" or factual proffer—to reasonably determine that a defendant is guilty. *Id*. There is also a "strong presumption" that a defendant's statements during a plea colloquy are true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

To convict a defendant of conspiracy to possess with intent to distribute a controlled substance under 21 U.S.C. §§ 841(a)(1), 846, the government must prove: (1) that there was an agreement between two more people to unlawfully distribute controlled substances, (2) that the defendant knew about the agreement, and (3) that the defendant voluntarily joined the agreement. *United States v. Colston*, 4 F.4th 1179, 1187 (11th Cir. 2021). When the government seeks enhanced penalties under § 841(b) for specific quantities and substances, it must charge and prove that the conspiracy involved the specific types and quantities of drugs. *Id*. at 1188. Here, that quantity was 400 grams of fentanyl and 50 grams of methamphetamine.

Bustamante focuses on the fact that the factual proffer did not list the total amount of drugs charged, and that he later objected to the total drug quantity at sentencing. But this focus is misplaced. First, even though the factual proffer did not contain a total amount of drugs, it listed the quantities sold at each transaction making up the conspiracy: (1) 97.3 grams in July 2022, (2) 214.56 grams of fentanyl and 900 grams of methamphetamine in August and September 2022; (3) 1,085 grams of fentanyl in October 2022, and (4) 5,348.1 grams of fentanyl in November 2022. Simple addition shows that these sales exceed the amount the

government was required to prove. The magistrate judge had this factual proffer during the change-of-plea hearing and Bustamante confirmed he had reviewed and agreed with the factual details in that document.[3]

Second, Bustamante's objections to the PSI have no bearing on what information the district court had at the time of his guilty plea. Even if the July, August, and September sales were not included, there would still be a factual basis for the guilty plea because the two October sales were over 400 grams of fentanyl. Notably, the factual proffer states that Bustamante was on a video call for the last sale of 5,348.1 grams of fentanyl and verified the quantity of pills with the undercover agent.

The district court did not err—plainly or otherwise—in accepting Bustamante's guilty plea because his written factual proffer established that he knowingly and voluntarily joined an agreement to distribute 400 grams or more of a substance containing detectable amounts of fentanyl and 50 grams or more of methamphetamine, allowing the district court to reasonably conclude that he was guilty of the charged offense. Thus, we affirm his conviction.

### B.

Next, Bustamante argues that his sentence is substantively unreasonable. The government responds that the sentence-appeal

---

[3] As for the methamphetamine, Bustamante handwrote an addendum in the factual proffer where he admitted supplying 2 pounds (900 grams) of the total 10 pounds of methamphetamine from that drug sale.

waiver in Bustamante's plea agreement bars any challenges to the reasonableness of his sentence.

We review the validity and scope of a sentence-appeal waiver de novo. *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022). "A plea agreement is, in essence, a contract between the Government and a criminal defendant. Among the considerations that a defendant may offer as part of such a contract is waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily." *United States v. Boyd*, 975 F.3d 1185, 1190 (11th Cir. 2020) (quotation marks omitted). Sentence-appeal waivers are valid if the government shows either that: (1) the district court specifically questioned the defendant about the waiver; or (2) the record makes it manifestly clear that the defendant otherwise understood the full significance of the waiver. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).

A review of the record confirms that Bustamante's appeal waiver is valid and enforceable. As part of the plea agreement, Bustamante agreed to waive his right to appeal his sentence under most circumstances. He signed the plea agreement, affirming that he had read it and understood its terms. Additionally, the magistrate judge explained the significance of the waiver and its exceptions during the plea colloquy and Bustamante confirmed that he understood the waiver and that he was entering it freely and voluntarily. Accordingly, the sentence-appeal waiver is valid, enforceable, and precludes a challenge to the substantive reasonableness

of his sentence.  *Bushert*, 997 F.2d at 1351.  Thus, we dismiss the rest of appeal as barred by the sentence-appeal waiver.

### III.

We affirm Bustamante's conviction and dismiss his substantive reasonableness claim.

**AFFIRMED IN PART AND DISMISSED IN PART.**